1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    AARON STRIBLING,

10            Plaintiff,                    No. CIV S-10-3247 CKD P

11        vs.

12    BORTOLEMEDI,
                                     ORDER AND
13            Defendant.
                                     FINDINGS AND RECOMMENDATIONS
14    _____/

15            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16    42 U.S.C. § 1983.  Defendant's motion to dismiss for failure to exhaust administrative remedies

17    is pending.  This case is currently proceeding on plaintiff's claim that defendant used excessive

18    force against plaintiff on January 27, 2010 when defendant allegedly slammed plaintiff down on

19    a concrete floor and then repeatedly punched him.

20            A motion to dismiss for failure to exhaust administrative remedies prior to filing

21    suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

22    1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial

23    remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

24    1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

25    the proper remedy is dismissal of the claim without prejudice.  Id.

26    /////

1

1    The exhaustion requirement is rooted in the Prison Litigation Reform Act, which

2    provides that "[n]o action shall be brought with respect to prison conditions under section 1983

3    of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. §

4    1997e(a).  California Department of Corrections (CDC) regulations provide administrative

5    procedures in the form of one informal and three formal levels of review to address plaintiff's

6    claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are

7    exhausted once a prisoner has received a "Director's Level Decision," or third level review, with

8    respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed

9    before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him;

10   exhaustion during the pendency of the litigation will not save an action from dismissal.

11   McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of

12   proving plaintiff's failure to exhaust.  Wyatt, 315 F.3d at 1119.

13   In his complaint, plaintiff asserts he submitted a grievance regarding the events at

14   issue in this case, and the process concluded when the grievance was "cancelled" at the second

15   level for "lack of cooperation."  In his motion, defendant admits these facts.  Defendant provides

16   a copy of plaintiff's grievance and it does indicate on the grievance that it was "cancelled" at the

17   second level.  Mot., Ex B.  There is no indication on the grievance form why the grievance was

18   cancelled.  Defendants do provide a memorandum authored by Warden Tim Virga in which

19   Warden Virga indicates:  1) Lt. Cannedy conducted review of plaintiff's grievance at the second

20   level; 2) Cannedy "attempted to interview [plaintiff] regarding [his] appeal and although

21   [plaintiff] attended the interview, [plaintiff] refused to answer any of the questions asked . . .;" 3)

22   "Cannedy advised [plaintiff] that [plaintiff was] being uncooperative by not answering the

23   questions and [plaintiff] returned to [his] assigned cell."  However, those portions of the

24   memorandum authored by Virga which recount information provided to him by Lt. Cannedy

25   /////

26   /////

2

1   constitute inadmissible hearsay.  See Fed. R. Evid. 801.  Therefore, there is nothing admissible

2   before the court indicating why plaintiff's grievance was cancelled.[1]

3          In his opposition, plaintiff fails to provide any coherent explanation why his

4   grievance was cancelled.  He does present some exhibits which suggest his grievance was

5   cancelled inappropriately, but plaintiff's exhibits are not admissible because plaintiff has failed to

6   provide an adequate foundation for any exhibit.[2]  See Fed. R. Evid 901.

7          The evidence before the court establishes that administrative remedies were not

8   exhausted with respect to the claims before the court because the grievance process was

9   terminated at the second level.  It is defendant's burden to show that administrative remedies

10  have not been exhausted and he has met that burden.  After it was shown that administrative

11  remedies were not exhausted, it becomes plaintiff's burden to provide a basis for excusing failure

12  to exhaust.  Lamon v. Tilton, CIV-07-0493 AWI DLB PC, 2011 WL 532315, at *2 (E.D. Cal.

13  Feb 14, 2011).  Plaintiff  has not met his burden.  Therefore, the court will recommend that

14  defendant's motion to dismiss be granted.

15         The court notes that plaintiff filed a sur-reply concerning defendant's motion to

16  dismiss.  This is not permitted under the Local Rules of this court.  See Local Rule 230(l).

17  Because plaintiff was not granted leave to file a sur-reply, it will be stricken from the record.

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's June 9, 2011 "rebuttal towards defendants reply to plaintiff's

20  opposition . . ." is stricken from the record; and

21         2.  The Clerk of the Court assign a district court judge to this case;

22  /////

23

24  [1]  Defendant does not provide and affidavit from Lt. Cannedy.

25  [2]  On March 3, 2011, plaintiff was informed of the requirements for opposing a motion to
    dismiss for failure to exhaust administrative remedies including the fact that any exhibits
    submitted would only be considered if there is proof the exhibits are what plaintiff claims they

26  are.

IT IS HEREBY RECOMMENDED that:

1. Defendant's May 3, 2011 motion to dismiss be granted; and

2. This case be dismissed for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
stri3247.mtd

4