IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON STRIBLING,

       Plaintiff,                       No. CIV S-10-3247 KJM CKD P

       vs.

BORTOLEMEDI,

       Defendant.               <u>ORDER</u>

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On November 8, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

/////

1

1          The magistrate judge improperly excluded from consideration the exhibits offered
2  by plaintiff based on his failure to authenticate the same. (*See* ECF 24 at 3:3-6.)  In *Las Vegas*
3  *Sands, LLC v. Nehme*, 632 F.3d 526, 533-34 (9th Cir.  2011), the Ninth Circuit held that
4  "[w]here documents are otherwise submitted to the court, and where personal knowledge is *not*
5  relied upon to authenticate the document, the district court must consider alternative means of
6  authentication under Federal Rules of Evidence 901(b)(4)."(emphasis in original). Federal Rule
7  of Evidence 901(b)(4) provides that authentication sufficient for admissibility can be satisfied by
8  the object's "[a]ppearance, contents, substance, internal patterns, or other distinctive
9  characteristics, taken in conjunction with circumstances."  Here, the documents submitted by
10 plaintiff satisfy Rule 901(b)(4) and should have been considered. Based on the documents
11 submitted by plaintiff, he contested the appeal cancellation based on his belief the interviewing
12 officer lied when he reported he was uncooperative. (*See* ECF 18 at 4.) The record before the
13 court is inadequate to determine factually whether plaintiff was prevented from exhausting his
14 administrative remedies by the behavior of prison personnel. If he was, further exhaustion
15 avenues would not have been open to him.  *See, e.g., Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th
16 Cir. 2010) (approvingly listing examples of exceptions to exhaustion requirement from other
17 circuits and holding exhaustion is unavailable where exhaustion is prevented by prison
18 personnel).  Therefore, defendant has failed to carry his burden.  *Wyatt v. Terhune*, 315 F.3d
19 1108, 1119 (9th Cir. 2003).
20          Accordingly, IT IS HEREBY ORDERED that:
21          1. The court declines to adopt the findings and recommendations filed November
22 8, 2011;
23          2. Defendant's motion to dismiss (Docket No. 17) is DENIED; and
24 /////

1       3. This case is remanded to the presiding magistrate judge for further
2  proceedings.
3  DATED: March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

3