IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON STRIBLING,

      Plaintiff,                     No. CIV S-10-3247 KJM CKD P

      vs.

BORTOLEMEDI,

      Defendant.            <u>ORDER</u>

                                /

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On November 8, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

/////

The magistrate judge improperly excluded from consideration the exhibits offered by plaintiff based on his failure to authenticate the same. (*See* ECF 24 at 3:3-6.) In *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533-34 (9th Cir. 2011), the Ninth Circuit held that "[w]here documents are otherwise submitted to the court, and where personal knowledge is *not* relied upon to authenticate the document, the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4)."(emphasis in original). Federal Rule of Evidence 901(b)(4) provides that authentication sufficient for admissibility can be satisfied by the object's "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Here, the documents submitted by plaintiff satisfy Rule 901(b)(4) and should have been considered. Based on the documents submitted by plaintiff, he contested the appeal cancellation based on his belief the interviewing officer lied when he reported he was uncooperative. (*See* ECF 18 at 4.) The record before the court is inadequate to determine factually whether plaintiff was prevented from exhausting his administrative remedies by the behavior of prison personnel. If he was, further exhaustion avenues would not have been open to him. *See, e.g., Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (approvingly listing examples of exceptions to exhaustion requirement from other circuits and holding exhaustion is unavailable where exhaustion is prevented by prison personnel). Therefore, defendant has failed to carry his burden. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations filed November 8, 2011;

2. Defendant's motion to dismiss (Docket No. 17) is DENIED; and

/////

2

3. This case is remanded to the presiding magistrate judge for further proceedings.

DATED: March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE