IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON STRIBLING,

    Plaintiff,                    No.  2:10-cv-3247 CKD P

    vs.

BORTOLEMEDI,

    Defendant.                ORDER

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Defendant is a Correctional Officer with the California Department of Corrections and Rehabilitation at California State Prison, Sacramento.  The claim which remains is that defendant used excessive force against plaintiff in violation of the Eighth Amendment.  Plaintiff's motion for summary judgment is before the court.  Both parties have consented to have a magistrate judge conduct all proceedings in this case.  See 28 U.S.C. § 636(c).

        In his complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:

        1. On January 27, 2010 defendant escorted plaintiff to a "inner disciplinary treatment team meeting."  Plaintiff was handcuffed with his hands behind his back.

1

2. During the escort, defendant and plaintiff "had an exchange of words." Subsequently, defendant became upset and slammed plaintiff to the ground. He then hit plaintiff with a closed fist.

3. Plaintiff sustained numerous injuries.

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

/////

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

In order to establish excessive force in violation of the Eighth Amendment, plaintiff must show that he has been subjected to the wanton and unnecessary infliction of pain. Whitley v. Albers, 475 U.S. 312, 319 (1986). The Ninth Circuit has relied on the following factors in determining whether an officer's application of force was undertaken in a good faith or maliciously and sadistically to cause harm: 1) the extent of the injury suffered by an inmate; 2) the need for application of force; 3) the relationship between that need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to

1  temper the severity of a forceful response.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir.
2  2003).

3          Defendant does not dispute that he was involved in an incident with plaintiff on
4  January 27, 2010 which resulted in defendant using physical force against plaintiff and that
5  plaintiff suffered injuries as a result of the incident.  The dispute between the parties concerns the
6  amount of force used against plaintiff, and to what extent the use of force was justified based on
7  plaintiff's actions.  In a report authored by defendant on January 28, 2010, defendant described
8  the relevant facts as follows:

> On Wednesday January 27, 2010 at approximately 1130 hours, Officer J. Defazio and I were conducting cell searches in B Facility 6 Block.  As we passed by cell 6 215 occupied by inmates (STRIBLING, G-40745) and (NICHOLS, K-77351) STRIBLING yelled out "WHERE IS MY FUCKING PROPERTY, THESE OTHER FUCKERS ARE GETTING THEIR SHIT.  TELL THAT FUCKING PROPERTY OFFICER I WANT MY SHIT OR I'M GOING TO CAUSE SOME HAVOC IN THIS MOTHER FUCKER."  I informed inmate STRIBLING that when the property Officer is cleared to do so he would receive his property when he had time (I explained this to STRIBLING several times last week).  STRIBLING stated he would flood the tier if he didn't get his property as he began kicking the cell door.  I ordered him to stop kicking and exited the section.  Upon entering the rotunda, 6 Block Control Officer S. Solomon informed me that STRIBLING needed to be escorted to the Watch Office for IDIT hearing.  Officer Defazio and myself went to cell 215 placed handcuffs on both inmates and pulled Stribling out of the cell.  As Officer Defazio was removing the handcuffs from inmate NICHOLS, STRIBLING stated "ARE YOU GOING TO HIT A NIGGA" with a smirk on his face.  I told STRIBLING to be quiet and informed him his comments would not be tolerated as we began escorting STRIBLING.
>
> As [we] were exiting 6 Block STRIBLING stated "I WANT MY FUCKING PROPERTY."  I told STRIBLING to shut up about his property already.  At this time STIBLING stated "I AM A GANGSTER INMATE AND YOU ARE A PUNKASS COP SNITCH."  I stated "You are acting like a bith."  STRIBLING pulled his arm out of my grasp, turned facing me and attempted to lunge towards me head first.  I stopped STRIBLING's motion by extending both arms out grabbing him by both shoulders and STRIBLING continued to resist so I guided him face first to the ground utilizing my body weight.  While we were on the ground I was lying on his upper body area with my face near the back of his

4

    head. STRIBLING continued resisting by trying to head butt me.
In a reactive motion I instinctively punched toward the right side of
his head and face area. Utilizing my left hand I pushed his head
towards the ground as he continued trying to head butt me. This
stopped the threat of being head butted and responding staff took
control of STRIBLING and took over the escort as he continued to
be resistive. After being relieved by responding staff I noticed I
had scrapes bleeding from both hands. I then proceeded to the B
TTA to be treated by medical staff.

Opp'n, Ex. A. In response to follow-up questions submitted to defendant after he filed his report, defendant indicated that he was not sure if the punch he threw at plaintiff's head landed, or whether he hit asphalt. Opp'n, Ex. A at 4.

   In his report, Correctional Officer DeFazio essentially corroborates defendant's version of the events, however he does say that defendant hit plaintiff's head with his right hand while plaintiff was on the ground. Id., Ex. B.

   Other officers issued reports which indicate plaintiff resisted defendant and Officer DeFazio while they were attempting to escort plaintiff to his disciplinary hearing. The officers also indicate they saw plaintiff resisting when plaintiff was on the ground after he had been taken to the ground by defendant. Id., Exs. D-G. Certain officers also indicated plaintiff continued to resist after the escort to the disciplinary proceedings was continued by officers other than defendant and DeFazio. Id. None of these officers indicated that they witnessed defendant hit plaintiff with a closed fist.[1]

\\\\\

---

[1] Plaintiff points to a report of the incidents at issue authored by Correctional Officer Mitchell Ybarra. Ybarra indicates that while plaintiff was on the ground, Ybarra held plaintiff's legs to make sure plaintiff would not kick anyone. He also indicates defendant hit plaintiff "in [plaintiff's] face with [defendant's] fist 5 or 6 times" while calling plaintiff a "fucking asshole" or something similar to that effect. Mot., Ex. A. Defendant is correct that this document constitutes inadmissable hearsay. For the document to be admissible at trial, or as an exhibit to some future motion, plaintiff must show that there is an exception to the hearsay rule permitting the court to consider it. The most likely exception is the exception for "Records of a Regularly Conducted Activity" described in Rule 803(6) of the Federal Rules of Evidence. If consideration of Officer Ybarra's report might result in plaintiff prevailing on his motion for summary judgment, the court would grant plaintiff leave to attempt to establish that the report is admissible. However, that is not the case.

5

In viewing all of the facts before the court in the light most favorable to defendant, the court finds there are genuine issues of material fact precluding the court from entering summary judgment on behalf of plaintiff with respect to his Eighth Amendment excessive force claim. There is evidence indicating plaintiff became combative while he was being escorted by defendant and Officer DeFazio which could justify defendant's forcing plaintiff to the ground. More problematic for defendant is plaintiff's allegation that defendant struck plaintiff on plaintiff's head with a closed fist while plaintiff was on the ground. However, defendant's assertion that he is not sure whether he made contact with plaintiff's head and the fact that several other officers who were at or near the scene do not indicate they saw defendant punch plaintiff on his head is sufficient to create a genuine issue of material fact as to whether defendant actually hit plaintiff. Even if defendant hit plaintiff, there is a genuine issue of material fact as to whether that act was a legitimate attempt to subdue plaintiff, a legitimate attempt by defendant to defend himself, a reflexive response or whether it amounted to wanton and unnecessary infliction of pain in violation of the Eighth Amendment considering there is evidence before the court indicating plaintiff was resistant and combative while on the ground.

For all the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's July 5, 2012 motion for summary judgment is denied.

Dated: August 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
strib3247.57