IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STRIBLING,<br><br>    Plaintiff,<br><br>  v.<br><br>BORTOLEMEDI,<br><br>    Defendant.<br>_____/ | No. 2:10-cv-3247 CKD P<br><br><br><br>ORDER REFERRING CASE FOR<br><br>SETTLEMENT CONFERENCE |

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.  Good cause appearing, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference.  A separate order and writ of habeas corpus ad testificandum for plaintiff's appearance at the settlement conference will issue forthwith.

      In accordance with the above,  IT IS HEREBY ORDERED that:

      1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on May 29, 2013, at 10:30 a.m. in Courtroom #25.

////

////

////

////

1

   2. Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend in person.[1]

   3. Those in attendance must be prepared to discuss the claims, defenses and potential damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

Dated: May 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/sp
strib3247.med(2)

---

[1] The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).