Randall Haimovici (SBN 213635)
rhaimovici@shb.com
Rachael M. Smith (SBN 257866)
rxsmith@shb.com
SHOOK, HARDY & BACON, LLP
One Montgomery, Suite 2700
San Francisco, CA 94104
Tel:    (415) 544-1900
Fax:   (415) 391-0281

Attorneys for Plaintiff
AARON STRIBLING

WILLIAMS & ASSOCIATES
1250 Sutterville Road, Suite 290
Sacramento, California 95822
(916) 456-1122
(916) 737-1126 (fax)

Kathleen J. Williams, CSB #127021
Matthew Ross Wilson, CSB #236309

Attorneys for Defendant
BORTOLEMEDI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA--SACRAMENTO DIVISION

| | |
|---|---|
| AARON STRIBLING,<br><br>                    Plaintiff,<br><br>       v.<br><br>BORTOLOMEDI, et al.,<br><br>                    Defendants. | Case No. 2:10-cv-3247 CKD P<br><br>**STIPULATION AND** ~~PROPOSED~~ **ORDER TO MODIFY THE PRETRIAL ORDER TO CONTINUE TRIAL**<br><br>Trial Date:   October 27, 2014<br>Judge:  Hon. Carolyn K. Delaney |

   The parties, by and through their attorneys of record, seek to modify the pretrial order, dated June 30, 2014 (ECF No. 130), to continue the trial date. Good cause exists to modify the pretrial order because a conflict arose in Plaintiff's counsel's schedule after this case was set for trial.

   A scheduling order may be modified only upon a showing of good cause and by leave of

1  Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.
2  2d 604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such a
3  motion). In considering whether a party moving for a schedule modification has good cause, the
4  Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F. 2d at
5  609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court
6  may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party
7  seeking amendment.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983
8  amendment). Parties must "diligently attempt to adhere to that schedule throughout the subsequent
9  course of litigation." *Jackson v. Laureate, Inc.* 186 F.R.D. 605, 607 (E.D. Cal. 1999); see *Marcum v.
10 Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the
11 parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,
12 notwithstanding her diligent efforts to comply, because of the development of matters which could
13 not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling
14 conference…" *Jackson*, 186 F.R.D. at 608.

15  On June 30, 2014, the Court issued a scheduling order setting the trial in this matter for
16 October 27, 2014 with an estimate for two to three days of trial. After this date was set, counsel for
17 Plaintiff, Randall Haimovici, learned that his participation at the Association for Corporate
18 Counsel's Annual Meeting from October 28-31, 2014 would be required by his firm.

19  Because of Plaintiff's counsel's conflict, the parties agree to the following:

20  1. The trial be continued to the first week of November 2014, or alternatively to the first
21 couple of weeks in January 2015 that is available on the Court's calendar;

22  2. The pretrial deadlines set forth in the June 30, 2014 order will remain the same, except that
23 they will be calculated according to the new trial date. These deadlines are:

24      a. Trial briefs – 14 days before trial
25      b. Exchange of exhibits – 45 days from trial
26      c. Motions in limine – 21 days from trial
27      d. Oppositions to motions in limine – 14 days before trial
28

  e. Motion to bifurcate – 21 days before trial

  f. Opposition to motion to bifurcate – 14 days before trial

  g. Proposed voir dire questions and proposed jury instructions – 14 days before trial

IT IS SO STIPULATED

Date: September 10, 2014        Respectfully Submitted,

                      SHOOK, HARDY & BACON, L.L.P.

                      */s/ **Randall D. Haimovici***
                      Randall D. Haimovici
                      Rachael M. Smith
                      *Attorneys for Plaintiff Aaron Stribling*

Date: September 10, 2014        Respectfully Submitted,

                      WILLIAMS & ASSOCIATES

                      */s/ **Matthew Ross Wilson***
                      Kathleen J. Williams
                      Matthew Ross Wilson
                      *Attorneys for Defendant Bortolemedi*

# ORDER

Based on the parties' stipulation and good cause appearing, the pretrial order, dated June 30, 2014 (ECF No. 130), is modified as follows:

1. Trial is continued to November 4, 2014, at 9:00 a.m. in Courtroom 24.
2. The pretrial deadlines set forth in the June 30, 2014 order will remain the same and are as follows:

   a. Trial briefs –  due 14 days before trial
   b. Exchange of exhibits – due 45 days from trial
   c. Motions in limine – due 21 days from trial
   d. Oppositions to motions in limine – due 14 days before trial
   e. Motion to bifurcate – due 21 days before trial
   f. Opposition to motion to bifurcate – due 14 days before trial
   g. Proposed voir dire questions and proposed jury instructions – due 14 days before trial

IT IS SO ORDERED.

Dated:  September 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE